Lorenz Kehl et al., Appellants, v. Immel State Bank et al., Defendants. Albert Mickow, Appellee.

### Gen. No. 40,976.

Heard in the third division of this court for the first district at the October term, 1939.

Opinion filed May 22, 1940.

LEONARD & LEONARD, MEYER BALIN and SEYFARTH & ATWOOD, all of Chicago, for appellants; GEORGE EDWARD LEONARD, of Chicago, and QUINTIN JOHNSTONE, of counsel.

GOODMAN & GOLOSINEC, of Chicago, for appellee; IRVING GOODMAN and JOHN W. GOLOSINEC, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Plaintiffs bring this appeal from an order discharging defendant, Albert Mickow, from a decreed liability in the amount of $1,600 upon the payment by said defendant of $200 in cash and the surrender of a certificate of deposit for a real estate bond of the par value of $500. The final decree in favor of plaintiffs was based upon Article XI, section 6 of the Constitution of the State of Illinois, which imposes a superadded liability upon bank stockholders, by reason of their ownership of stock in an insolvent bank. Albert Mickow was the owner of 16 shares of the capital stock of Immel State Bank, a defunct banking association, and defendant was held liable and a judgment rendered against him for the sum of $1,600 in 1934, which has not been paid nor has any appeal been taken therefrom. Plaintiffs also appeal from an order directing the clerk of the circuit court to satisfy said decree upon receiving $200 and a valueless bond as payment by Mickow.

No point is made on the pleadings.

Albert Mickow, defendant herein, was the owner and holder of 16 shares of the capital stock of Immel State Bank, a defunct Illinois banking association, at the par value of $1,600. The matter came up on a petition of defendant, Mickow, filed four years after the entry of the decree. Mickow also filed a petition, asking that the judgment be set aside on the ground that he had not been served with process and also asking affirmative relief from the court. Apparently, he has since abandoned the question of setting aside the original judgment.

Plaintiffs' theory of the case is that plaintiffs should have been permitted to collect their decree rendered against Albert Mickow in the amount of $1,600 with

costs and interest. Plaintiffs contend that the trial court was without power or jurisdiction to enter the orders appealed from; that plaintiffs acquired a valid and subsisting judgment lien upon valuable real estate commonly known as 4914 Kimball avenue, Chicago, Illinois; that this real estate had been conveyed to defendant Mickow by Hans Rechsteiner and wife for the admitted purpose of hindering and delaying the creditors of Hans Rechsteiner.

Plaintiffs further contend that although the "compromise" order recited that it was entered pursuant to ch. 16½, par. 11, sec. 11 of the Illinois Banking Act [Ill. Rev. Stat. 1939; Jones Ill. Stats. Ann. 10.11], there was no real attempt to fulfill the requirements imposed by this section of the statute. Albert Mickow's settlement offer was grossly inadequate, being for a mere fraction of the amount of plaintiffs' judgment, and said offer was not approved by the Oak Park Trust & Savings Bank, as receiver, appointed under section 11 of the Illinois Banking Act, aforesaid.

Plaintiffs further contend that the evidence offered did not show Albert Mickow to be insolvent, but actually revealed the contrary.

Albert Mickow admits that his earnings were between $5,000 and $6,000 a year and that plaintiffs' claim is his only legal obligation which he did not choose to pay.

Counsel for defendant severely criticize plaintiffs' statement of the facts and the abstract of the record, declaring them to be inadequate and incomplete, yet said counsel has not complied with the rules of this court by having set forth defendant's theory of the case in his brief, as filed.

Defendant's theory of the case, as set forth in plaintiffs' brief, is that Albert Mickow was insolvent and that by obtaining an order from the trial court for a "compromise" he could require plaintiffs and the receiver to accept a fractional payment as a full satis-

faction of his adjudicated liability; that defendant Mickow contends that although the real estate commonly known as 4914 Kimball avenue, Chicago, Illinois, had been conveyed to him by a duly recorded warranty deed from Hans Rechsteiner and wife, that he did not acquire any interest in said real estate by such conveyance.

Laying aside for the moment, the question as to whether or not a judge has the authority under ch. 16½, par. 11, sec. 11, Ill. Rev. Stat. 1939, known as the Banking Act [Jones Ill. Stats. Ann. 10.11], to inquire into the solvency of a judgment debtor and determine what compromise shall be made independent of the receiver, we shall consider the question of the evidence as to the solvency of Mickow, the judgment debtor.

The evidence shows that the judgment debtor is a doctor 35 years of age and has an income of between $5,000 and $6,000 a year; that he owns an automobile and has lately purchased $10,000 worth of life insurance and that there is standing in his name real estate worth several thousands of dollars, although he claims that this belongs to his father-in-law who transferred it to Mickow, for the admitted purpose of hindering and delaying the former's creditors.

After asking for said affirmative relief in his petition, he also contends that the court did not have jurisdiction then because four years prior thereto when the judgment was entered he was not served with process by the sheriff. Having entered his general appearance, we do not think he can at this time raise the question of jurisdiction.

We do not think the evidence submitted in this case presents a picture of insolvency. The evidence, on the contrary, shows that said defendant is branching out; that he is paying his debts in the regular course of business, paying off his liabilities and, in fact, assuming new ones. To attempt to inject into this case the question as to how he acquired the real estate, defendant al-

leging and claiming it belonged to his father-in-law, is not one which appeals to a court of equity. Aiding another to defraud his creditors, as defendant apparently did when he permitted the real estate to be put in his name, does not appeal to a court of conscience and said court should leave them where it finds them.

According to this record the defendant was permitted to fix his own liability which was different from the judgment as fixed by the court. He offers $200 in cash and $500 in questionable bonds, but he states he is going to borrow the money. After obtaining an order of settlement the petitioning debtor offered to the receiver a check which the receiver refused to take on account of its limitations. The cashier's check submitted by Mickow provided that $200 should be considered as payment in full for his entire indebtedness. Thereupon the petitioner proceeded to court where he obtained an order that the clerk of the court accept said check and thereupon the clerk of the court took the check and entered a satisfaction piece on the records of the court releasing the debtor. Such procedure is not authorized by the terms of said Banking Act, ch. 16½, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 10.01 *et seq.*], and inasmuch as the legislature has seen fit to say how a settlement shall be made, we do not think the court should vary from the procedure laid down by the statute. This judgment, at the time of this action, was four years old and it had never been challenged before and, inasmuch as these assets belong to the creditors of this bank, we do not think the judgment should be set aside in the present instance.

For the reasons herein given, the order of the circuit court vacating the judgment and accepting a so-called offer of settlement, is erroneous as it is not supported by the evidence and the law, and for the reasons herein given the order of the circuit court is hereby vacated and set aside and the satisfaction of said judgment

vacated and the petition of said judgment debtor is dismissed for want of equity, at appellee's costs.

*Orders vacated and set aside: petition of appellee Mickow dismissed for want of equity at appellee's costs.*

HEBEL and BURKE, JJ., concur.